JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-938 JVS (KESx) | Date | July 21, 2021 |
| Title | BioCorRX, Inc. v. VDM Biochemicals, Inc. et al. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Remand/ Dismissal**

Plaintiff/ Counterdefendant BioCorRx Inc. ("BioCor") filed a motion to remand the action and dismiss counterclaims against it. Mot., Dkt. No. 15. Defendants/ Counterclaimants VDM Biochemicals, Inc. ("VDM") and David Martirosyan ("Martirosyan") (together, "Defendants") opposed. Opp'n., Dkt. No. 17. BioCor filed a reply. Reply, Dkt. No. 18.

For the following reasons, the Court **GRANTS** the motion to remand and accordingly does not reach the motion to dismiss.

**I. BACKGROUND**

The following facts are alleged in BioCor's complaint. Compl., Ex. A, Dkt. No. 1-1.

BioCor is a healthcare solutions company focused on providing novel treatment approaches for alcohol addiction, opioid addiction, and other addiction disorders. Id. ¶ 1. BioCor and Defendants entered into non-disclosure and co-development agreements for the purpose of developing and commercializing a chemical compound called "VDM-001". Id. ¶¶ 5, 9, 19. Pursuant to these agreements, BioCor agreed to provide the capital and expertise to conduct studies required to validate, develop, and commercialize VDM-001 in exchange for an ownership interest in VDM-001. Id. ¶¶ 9, 25. BioCor funded several studies, engaged consultants, and provided other resources for the development of VDM-001. Id. ¶¶ 10, 27. Based on Defendants' representations that BioCor was acquiring increasing ownership of the VDM-001 IP with each round of funding, BioCor

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-938 JVS (KESx) | Date | July 21, 2021 |
| Title | BioCorRX, Inc. v. VDM Biochemicals, Inc. et al. | | |

provided Defendants with critical direction on what studies to conduct, shared its know-how and trade secrets regarding the development of drug treatments, and shared its ideas regarding novel applications for which VDM-001 might be developed, including for indications outside of addiction treatment (the "novel indications"). Id. ¶¶ 11, 28. The confidential data and reports generated by each of the studies and observational research commissioned and paid for by BioCor, including the written analyses and results provided by BioCor's consultants, belongs to BioCor as confidential and proprietary trade secret information (the "BioCor IP"). Id. ¶¶ 29, 31, 35-36.

After BioCor and its consultants disclosed the BioCor IP to Defendants, Defendants improperly disclosed and used the BioCor IP to obtain an inflated valuation of the VDM-001 IP to force BioCor to accept a higher price for the ownership interest it already owned (or otherwise forfeit its ownership interest without reimbursement), and install Martirosyan as a member of the BioCor Board of Directors. Id. ¶ 37, 39. Defendants also disclosed and used the BioCor IP to file a patent application covering the novel indications for VDM-001 asserting sole ownership over the patent application. Id. ¶ 37.

On April 14, 2021, BioCor initiated this action by filing a Complaint in the Superior Court of the State of California for the County of Orange. See id. The Complaint alleges state and common law claims for (1) declaratory relief, (2) breach of contract, (3) misappropriation of trade secrets, (4) intentional misrepresentation, (5) concealment, (6) false promise, (7) promissory estoppel, and (8) constructive trust. See id. On May 21, 2021, Defendants removed the action to this Court. See Notice of Removal, Dkt. No. 1. On May 28, 2021, Defendants filed their Answer and Counterclaim. See Answer, Dkt. No. 7.

## II. Legal Standard

### A. Motion to Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-938 JVS (KESx) | Date | July 21, 2021 |
| Title | BioCorRX, Inc. v. VDM Biochemicals, Inc. et al. | | |

against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992). A district court lacks power to order a remand in violation of Section 1447(c). Id.

### III. DISCUSSION

**A. Motion to Remand**

BioCor asks the Court to remand this case on the grounds that Defendants cannot satisfy their burden of demonstrating that federal jurisdiction is proper. See Mot., Dkt. No. 15, at 5. Specifically, BioCor argues that Defendants' asserted basis for removal is that the claims for declaratory relief and misappropriation of trade secrets arise under federal patent law (notably under 35 U.S.C. § 256), but that its declaratory and trade secret claims are actually based in state law. Id. (quoting Notice of Removal, Dkt. No. 1, at 5).

*I. Declaratory Relief Claim*

BioCor first argues that federal law neither creates nor constitutes a necessary element of its declaratory relief claim. Id., at 6.

To state a claim for declaratory relief under California law, a plaintiff is required to allege (1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party. See Brownfield v. Daniel Freeman Marina Hosp., 208 Cal. App. 3d 405, 410 (1989). BioCor argues that it has properly stated a claim for declaratory relief and that patent law is in no way a "necessary element" of such a claim. BioCor states that (1) its declaratory relief claim is premised on its ownership of the VDM-001 IP and BioCor IP under the non-disclosure

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-938 JVS (KESx) | Date | July 21, 2021 |
| Title | BioCorRX, Inc. v. VDM Biochemicals, Inc. et al. | | |

agreement and co-development agreement, and (2) that this contract dispute is the subject of its declaratory relief claim. Id. (citing Compl., ¶¶ 44, 47; Cal. Code of Civ. P. § 1060 (identifying contracts as proper subject of declaratory relief)).

Defendants, in opposition, argue that substantial issues of patent inventorship and novelty are "essential to the resolution" of BioCor's claim for declaratory relief because the claim speaks to the issue of who owns the BioCor IP and the underlying patent application. Opp'n., Dkt. No. 17, at 6. Specifically, Defendants state that "the right of inventorship (and by extension the right of ownership of the BioCorRx IP) depends on the resolution of two essential questions of federal patent law: (1) did Plaintiff and/or their consultant solely conceive of and/or 'invent' the 'new indications for VDM-001'; and (2) are the alleged 'new indications for VDM-001' covered by or otherwise fall within the scope of disclosures and claims asserted in the original '338 Patent." Id., at 7. Defendants contend that because BioCor's complaint seeks a determination of sole ownership of the VDM-001 IP, the resolution of its request for a declaration of rights to the IP depends on the outcome of substantial questions of patent law. Id.

The Court agrees with BioCor that its claim for declaratory relief does not necessarily raise issues of patent law. BioCor's Complaint satisfies the first requirement of a declaratory relief claim by alleging that it entered into the co-development and non-disclosure agreements with VDM. See Compl., ¶¶ 9-11, 19, 44, 47. BioCor's Complaint satisfies the second requirement by alleging that BioCor and VDM disagree regarding their respective rights relating to the VDM-001 IP and BioCor IP under those agreements. Id., ¶¶ 38-40, 45. Although some of the rights that BioCor seeks– a declaration regarding whether it owns a percentage interest in the VDM-001 IP, whether it has sole ownership of the BioCor IP, whether VDM is bound by the agreed-to valuation, and whether VDM has the right to disclose the BioCor IP to third parties without BioCor's consent– may involve VDM's right to use or disclose the BioCor IP in its patent application, this does not transform a quintessentially state law claim into a federal question. See Quest Nutrition, LLC v. Bd. of Supervisors of LSU Agric. & Mech. Coll., No. CV 14-02005 SJO EX, 2014 WL 3362061, at *3 (C.D. Cal. July 8, 2014) ("That Plaintiff's remedy for some of these state law claims may 'tangentially involve issues of patent ownership does not convert the state causes of action into federal law claims.'"); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1264 (9th Cir. 1999) ("[c]laims concerning patent ownership do not create federal jurisdiction.").

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-938 JVS (KESx)                                    Date   July 21, 2021

Title    BioCorRX, Inc. v. VDM Biochemicals, Inc. et al.

The Court further finds that the contract law questions at issue can be determined without addressing the patent-law question of novelty. As BioCor notes in its Reply, it is only seeking a determination that it owns the IP in question, which would include an ownership interest in a pending application because of alleged improper use of the trade secret data in that application. See Reply, Dkt. No. 18, at 5 (citing Compl., Dkt. No. 1-1,¶ 47). The mere fact that this ownership interest in the pending application, if established, might result in an issued patent that is later invalidated in a separate proceeding on the grounds of lack of novelty is of no moment to the ownership right. Id. Accordingly, because BioCor's declaratory relief claim concerning ownership of the VDM- 001 IP and BioCor IP, including the pending patent application, is based on rights created under state law, the Court finds that the claim does not arise under patent law.

*ii. Trade Secret Misappropriation Claim*

BioCor next argues that federal law neither creates nor constitutes a necessary element of its trade secret misappropriation claim. See Mot., Dkt. No. 15, at 9.

In California, a claim for misappropriation of trade secrets requires a plaintiff to establish that (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used that trade secret through improper means, and (3) the defendant's actions damaged the plaintiff. Cal. Civ. Code § 3246.1(b). "'Improper means' includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." Id. at § 3426.1(a).

BioCor contends that it has properly alleged a trade secret misappropriation claim by pleading that: (1) it owns trade secrets, (the BioCor IP) (Compl. Dkt. No. 1-1 ¶¶ 35, 55); (2) Defendants misappropriated that information by obtaining it under false pretenses (id. ¶ 57), improperly disclosing the novel indications to a third party (id., ¶ 59), and filing a patent application that relies on and discloses the BioCor IP (including the novel indications) (id.,¶¶ 37, 41, 59); and (3) that the IP has substantial value from not generally being known, and that BioCor has been damaged by Defendants' misappropriation of the IP (id., ¶¶ 55-56, 60). Mot., Dkt. No. 15, at 9.

BioCor relies on the Federal Circuit's decision in Uroplasty, Inc. v. Advanced Uroscience, Inc., 239 F.3d 1277 (Fed. Cir. 2001), to support its contention that although

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-938 JVS (KESx) | Date | July 21, 2021 |
| Title | BioCorRX, Inc. v. VDM Biochemicals, Inc. et al. | | |

the patent application may be evidence of its trade secret misappropriation claim, the mere presence of the patent application does not create a substantial issue of patent law. Mot., Dkt. No. 15, at 10. In Uroplasty, the defendant filed a patent application after leaving his job with the plaintiff, and the plaintiff subsequently filed an action for misappropriation of trade secrets, breach of fiduciary duty, and breach of contract. Uroplasty, 239 F.3d at 1291. The Federal Circuit ordered remand with instructions to dismiss for lack of jurisdiction, reasoning that the claims for trade secret misappropriation required a showing that the defendant used its trade secrets or confidential information, "a burden that can be met without requiring the resolution of a substantial issue of patent law. Because proving the same alleged acts also could support the breach of contract and fiduciary duty claims without resolving a substantial patent issue, patent law is not essential to any of the claims of the well-pleaded complaint." Id., at 1280. Defendants attempt to distinguish Uroplasty on the grounds that "the well-pleaded Complaint in Uroplasty did not include allegations that certain technology was conceived, discovered, or otherwise solely invented and therefore solely owned by the plaintiff, nor did its prayer demand a correction of inventorship by reassignment of the patent application subsequently filed by the defendant." Opp'n., Dkt. No. 17, at 11. Defendants argue, as they did with respect to the declaratory relief claim, that the right of inventorship and ownership of the IP for the trade secret misappropriation claim requires findings regarding who invented the new indications for VDM-001 and whether said indications were novel based on a comparison of disclosures in the original '338 Patent. Id., at 10. Accordingly, Defendants contend, patent law questions must be resolved in order for BioCor to prevail on its trade secrets misappropriation claim. See id.

The Court will follow the approach taken by the Federal Circuit in determining that it is not required to substantively examine inventorship in order to resolve an issue of patent ownership based on misappropriation of trade secrets. See Drone Techs., Inc. v. Parrot S.A., 838 F.3d 1283, 1293 (Fed. Cir. 2016) ("It does not follow from our examination of patent ownership in Pandrol that we here must consider whether Ms. Lee is correctly named as the sole inventor for purposes of determining [ownership]. Indeed, while ownership and inventorship are related concepts, they involve separate inquiries.") What is more, the Court finds relevant the fact that BioCor's trade secret misappropriation claim arises from a dispute over the what is owed to BioCor as a result of the agreements the parties entered into rather than a dispute over inventorship. The fact that BioCor's Complaint discusses who conceived of the novel indications of VDM-001

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-938 JVS (KESx) | Date | July 21, 2021 |
| Title | BioCorRX, Inc. v. VDM Biochemicals, Inc. et al. | | |

disclosed in the pending patent application does not transform the state law claim into a federal one. Accordingly, the Court finds that patent law is not necessarily raised by BioCor's trade secret misappropriation claim.

*iii. Defendants' Counterclaims as a Basis for Removal Jurisdiction*

Next, BioCor argues that Defendants' efforts to justify removal jurisdiction based on 28 U.S.C. § 1454, which permits removal of a "civil action in which any party asserts a claim for relief under any Act of Congress relating to patents," was improper. Mot., Dkt. No. 15, at 13. Specifically, BioCor contends that 28 U.S.C. § 1454 applies only to state court actions in which a party actually "asserts a claim for relief arising under any Act of Congress relating to patents," but that at the time Defendants filed their notice of removal, no party had asserted any claim
for relief under any act of Congress relating to patents. Id.

As noted above, the Court agrees with BioCor that its Complaint asserted only state law claims. Accordingly, the fact that Defendants did not file any answer or counterclaim in the state action, but instead simply invoked 28 U.S.C. § 1454 in its notice of removal (before filing any pleading asserting patent law claims), means that at the time of removal, no party had asserted a claim for relief under any Act of Congress relating to patents. See Masimo Corp. v.Mindray DS USA, Inc., No. CIV. A. 14-0405 SDW, 2015 WL 93759, at *3 (D.N.J. Jan. 7, 2015) (holding that a defendant's "reference to potential patent law counterclaims in its Notice of Removal is insufficient to establish jurisdiction pursuant to Section 1454"). As such, relying on the plain language of Section 1454 and the principle of strict construction of removal statutes, the Court finds that removal was improper and remand is warranted because no federal question existed at the time of removal.

Given that there is no basis for federal jurisdiction, the Court finds that removal was improper. Accordingly the Court GRANTS the motion to remand.

**B. Motion to Dismiss**

Having granted the motion to remand for lack of subject matter jurisdiction, the Court will not reach the issue of the motion to dismiss..

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-938 JVS (KESx) | Date | July 21, 2021 |
| Title | BioCorRX, Inc. v. VDM Biochemicals, Inc. et al. | | |

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**